### W. H. ARNOLD *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 3—394.]

**Impeachment of Witness.**

> Before a witness can be impeached by proof of statements made by him out of court contrary to those made in court, he must first be asked if he had made such statements to or in the presence of witnesses at the time and place referred to by them, and where the question is not asked of him it is error to permit the impeaching witness to state what the witness said out of court.

### APPEAL FROM GARRARD CIRCUIT COURT.

November 15, 1881.

OPINION BY JUDGE HINES:

As has been frequently decided by this court, misconduct on the part of the jury made to appear on motion for a new trial is not the subject of reversal on appeal. The court below, however, erred in permitting Austin and John S. Arnold to state what the witness, Loyd, said, for the purpose of contradicting him, when Loyd had not been asked if he had made such statements to these witnesses or in their presence at the time and place referred to by them. Loyd was given no opportunity to deny or explain such statements. This was clearly error, and under the circumstances of this case as clearly prejudicial to the accused, because the introduction of such testimony tended to destroy the credibility of Loyd, who was a material witness for the accused.

The court also erred to the prejudice of the accused in permitting the witnesses to state that Loyd told them that he had Boyle under arrest at the time of the shooting. As to whether he was under arrest was a conclusion of law, and not the statement of a material fact in reference to which the witness could be contradicted, and in such cases when the witness states that he did not make such statements he can not be contradicted.

While some of the instructions are not as clear as they might have been made to the understanding of the jury by reason of the repetitions therein, we see no valid objection to any except the 9th. That instruction is erroneous because it gives undue prominence to a certain part of the evidence. The whole of the evidence ought to have been left to be weighed by the jury without direct or indirect interference by the court.

Judgment *reversed* and cause remanded with directions to grant appellant a new trial.

*W. O. Bradley, George Denny, for appellant.*

*P. W. Hardin, for appellee.*